IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RONALD PORFIRIO ORDONEZ OROZCO, §<br>Petitioner, §<br>§<br>v. §<br>§<br>MICHAEL CHERTOFF, Secretary of the §<br>United States Department of Homeland §<br>Security; EDUARDO LOZANO, Immigration §<br>and Customs Enforcement; Unnamed §<br>Supervisory Immigration and Customs §<br>Enforcement Officers; and the UNITED §<br>STATES OF AMERICA, §<br>Respondents. § | Civil Action No. B-07-153 |

**ORDER**

I.    BACKGROUND

Ronald Porfirio Ordonez Orozco ("Petitioner"), a citizen of Guatemala, asserts through a series of claims that he is being improperly denied a law enforcement certification ("LEC") necessary for him to complete his application for a non-immigrant U visa.  To be eligible for a U visa, an applicant must establish, *inter alia*, that he "suffered substantial physical or mental abuse" as a result of having been the victim of certain specified criminal activity set out in the statute. *See* 8 U.S.C. § 1101(a)(15)(U)(i)(I), (iii). A petitioner may not submit an U visa application without first obtaining a law enforcement certification ("LEC") from a federal, state, or local law enforcement official, prosecutor or judge stating that the alien has been helpful or is likely to be helpful in investigating specific criminal activity. *See* 8 U.S.C. § 1184(p)(1).

Petitioner voluntarily departed the United States on June 25, 2006 pursuant to a final order of removal that had been issued on March 9, 2005. (Defendant's Motion to Dismiss, Ex. [hereinafter Def. Ex.] 1).  Petitioner entered the United States of America illegally again on or about April 6,

2007 with his brother through the assistance of smugglers. (Complaint ¶ 1); (Def. Ex. 1). He alleges that the smugglers abandoned him and his brother in Brooks County, Texas. (Complaint ¶ 1). As a result of this abandonment, Petitioner alleges that the smugglers committed criminal offenses in permitting the Petitioner's brother to die and causing physical and emotional injury to the Petitioner. (*Id.*) Petitioner was apprehended by officers of the United States Customs and Border Patrol ("CBP") on or about April 9, 2007. He was then served with a Notice of Intent/Decision to Reinstate Prior Order on April 9, 2007 informing him that the Attorney General of the United States intended to reinstate the prior March 9, 2005 removal order against the Petitioner. (*Id.*) Based on the filing of this Notice of Intent, the Petitioner is retroactively subject to a removal order as of March 9, 2005. *See* 8 U.S.C. § 1231(a)(5).

Petitioner asserts that he is eligible to apply for an U visa because he is the victim of the smugglers' crimes stemming from their abandonment of the Petitioner and his brother. He contends that after his apprehension, he assisted state and federal law enforcement officials in an investigation of the smugglers' actions. He has thus far been unable to obtain an LEC from any law enforcement official so that he can complete his U visa application. Petitioner filed a petition for a writ of habeas corpus pursuant to § 2241 asserting that the refusal of the Defendants, Michael Chertoff, Secretary of the Department of Homeland Security, Eduardo Lozano, United States Immigration and Customs Enforcement, and other unnamed supervisory offices of the Immigration and Customs Enforcement ("Respondents"), to issue an LEC to the Petitioner violates his rights under 8 U.S.C. § 1101(a)(15)(U) and the Fifth Amendment to the United States Constitution. Petitioner further seeks declaratory and injunctive relief barring enforcement of 8 C.F.R. § 214.14(a)(14)(iii) to the extent it overreaches the controlling statute, 8 U.S.C. § 1101(a)(15)(U). Petitioner also seeks to certify a

class of plaintiffs who were victims of the crimes enumerated in 8 U.S.C. § 1101(a)(15)(U)(iii) and have sought to obtain a LEC, but have been denied.  Respondents have filed a Motion to Dismiss all of the Petitioner's claims.  (Docket No. 14).

II.     THE REAL ID ACT

The REAL ID Act "divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)).  The Act, however, does not preclude a district court from exercising jurisdiction over constitutional claims or questions of law which do not challenge a final order of removal. *See Geronimo v. Mukasey*, 535 F. Supp. 2d 808, 811 (W.D. Tex. 2008).  Assertions that government officials negligently denied an application for citizenship or that such negligence resulted in a violation of the petitioner's constitutional rights do not bear on the propriety of the removal order where the alleged negligence occurred prior to the removal order. *See id.* at 812.  Where a plaintiff's Application for Citizenship was filed after a removal order was in place and the plaintiff's petition sought a stay of removal, a § 2241 petition is properly considered a "collateral attack on the removal order." *Miechkota v. Chertoff*, Civil No. 3:07-cv-105, 2008 WL 686854, at *3 (D.N.D. Mar. 10, 2008).

Petitioner is subject to a removal order filed March 9, 2005.  All of the actions that led to the Petitioner's pursuit of an LEC and U visa occurred after this time.  It is therefore possible that any attempt by the Petitioner to obtain a U visa should be considered a collateral attack on the already-existing removal order. *See Miechkota*, 2008 WL 686854, at *3.  If this were the case, the Court would lack jurisdiction to review the Petitioner's claims under the REAL ID Act. *See Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007).  The Petitioner, however, asserts that he is not seeking

3

review of the pending removal order against him nor is he seeking of a stay of his removal in this action. He also asserts that the REAL ID Act does not prohibit against his constitutional claims. As Petitioner does not directly challenge his removal or the removal order, the Court will proceed on the assumption that it has jurisdiction under REAL ID to consider Petitioner's claims. *See Geronimo v. Mukasey*, 535 F. Supp. 2d 808, 811 (W.D. Tex. 2008).

III.    DISCRETIONARY ACTION

Courts cannot review any "decision or action of the Attorney General or Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii). If the issuance of an LEC is a discretionary action, this Court cannot review any decision to deny the Petitioner an LEC. The Fifth Circuit has interpreted § 1252(a)(2)(B)(ii) to mean that "courts are precluded from reviewing those decisions '*specified in the statute*' to be discretionary." *Ayanbadejo v. Chertoff*, 517 F.3d 273, 276 (5th Cir. 2008) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005)) (emphasis in original). The court must analyze the statutory language, as opposed to language issued in regulations, to determine whether a decision or action is left to the discretion of the Attorney General or Secretary.[1]  *Id.* The use of the term "shall" indicates that approval or disapproval of a particular visa or petition may not be discretionary. *Id.* at 277 n.14.

Section 8 U.S.C. § 1101(a)(15)(U)(i) states that an alien who files a petition for a U visa will be considered a nonimmigrant alien if the Secretary of Homeland Security determines that:

---

[1] One district court has concluded that "any decision by the certifying official to sign or decline to sign the status certification is discretionary." *Bejarano v. Chertoff*, 2008 WL 2439746, at *1 (S.D. Fla. 2008) (citing 8 C.F.R. § 214.14(a)(12); 8 C.F.R. § 214.14(b); 8 C.F.R. § 214.14(c)(4)). The *Bejarano* decision, however, appears to look to the regulations to determine whether the action is discretionary. Based on the Fifth Circuit's holdings in *Zhao* and *Ayanbadejo*, this Court is limited to reviewing the language of the statute.

4

(I) the alien has suffered substantial physical or mental abuse as a result of having been a victim of criminal activity described in [8 U.S.C. § 1101(a)(15)(U)(iii)];

(II) the alien . . . possesses information concerning criminal activity described in [8 U.S.C. § 1101(a)(15)(U)(iii)];

(III) the alien . . . has been helpful, is being helpful, or is likely to be helpful to a Federal, State, or local law enforcement official, to a Federal State, or local prosecutor, to a Federal or State judge, to the Service, or to other Federal, State, or local authorities investigating or prosecuting criminal activity described in [8 U.S.C. § 1101(a)(15)(U)(iii)]; and

(IV) the criminal activity described in [8 U.S.C. § 1101(a)(15)(U)(iii)] violated the laws of the United States or occurred in the United States . . . .

A U visa application must assert that the applicant was a victim of, and an assistance to, the investigation of one or more of the following Federal, State, or local crimes:

rape; torture; trafficking; incest; domestic violence; sexual assault; abusive sexual contact; prostitution; sexual exploitation; female genital mutilation; being held hostage; peonage; involuntary servitude; slave trade; kidnapping; abduction; unlawful criminal restraint; false imprisonment; blackmail; extortion; manslaughter; murder; felonious assault; witness tampering; obstruction of justice; perjury; or attempt, conspiracy, or solicitation to commit any of the above mentioned crimes . . . .

*Id.* § 1101(a)(15)(U)(iii).  Further, any U visa application must contain:

a certification from a Federal, State, or local law enforcement official, prosecutor, judge, or other Federal, State, or local authority investigating criminal activity described in section § 1101(a)(15)(U)(iii)] of this tile.  This certification may also be provided by an official of the Service whose ability to provide such certification is not limited to information concerning immigration violations.  This certification shall state that the alien "has been helpful, is being helpful, or is likely to be helpful" in the investigation or prosecution of criminal activity described in section

5

1101(a)(15)(U)(iii) of this title.

8 U.S.C. § 1184(p)(1). Congress limited the Attorney General to issuing no more than 10,000 U visas in any fiscal year. *Id*. § 1184(p)(2)(A).

Unlike the controlling statute in *Ayanbadejo*, the statutory provisions requiring a U visa applicant to obtain an LEC do not contain any mandatory language with respect to actions by federal law enforcement officials. *See* 8 U.S.C. §§ 1101(a)(15)(U); 1184(p)(1). An applicant must provide an LEC stating that the alien "has been helpful, is being helpful, or is likely to be helpful" in the investigation or prosecution of criminal activity. *Id*. There is no directive to law enforcement agents to issue LECs. In fact, all of the language is directed at *actions of the applicant* and there is no language directed at law enforcement officials whatsoever.

The Court also notes that the Attorney General is limited in the number of U visas that can be granted each year. 8 U.S.C. § 1184p(2)(A). Other courts have held that the issuance of the overall U visa is within the sole discretion of the United States Citizenship and Immigration Services. *Sung Mi Ju v. Mukasey*, No. 07-74757, 2008 WL 2872744, *1 (9th Cir. July 24, 2008); *Bejarano v. Chertoff*, No. 07-22802-CIV, 2008 WL 2439746, at *1 (S.D. Fla. June 13, 2008).

Given the discretionary nature of the U visa itself, that all of the statutory language with respect to LECs is directed at actions by the applicant, and the fact that there are no directives to law enforcement officers anywhere in the statute, the Court finds that the issuance of a LEC, as set out in 8 U.S.C. § 1184(p) is a discretionary act. As the Respondents' decision of whether or not to issue a LEC to the Petitioner was solely within their discretion, this Court cannot review this discretionary action as part of the Petitioner's § 2241 petition.

IV.    CONSTITUTIONAL CLAIMS

Petitioner next asserts that the denial of the LEC is an unconstitutional restriction of the Petitioner's liberty and property interests under the Fifth Amendment to the United States Constitution.  He asserts that he has constitutionally-protected liberty and property interests in receiving an LEC so that he can submit a complete U visa application.  The failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty or property interest. *Assad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (citing *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999)); *see Pinos-Gonzalez v. Mukasey*, 519 F.3d 436, 441 (8th Cir. 2008). This Court previously determined that the issuance of an LEC is discretionary.  Petitioner therefore has no constitutionally-protected liberty or property interests in receiving the discretionary issuance of an LEC and his constitutional claims are denied.

V.    MANDAMUS

Petitioner also requests that this Court, by way of mandamus, order the Respondents to issue an LEC.  To obtain a mandamus order, a party must demonstrate: (1) he has a clear right to the relief sought; (2) the opposing party holds a plainly defined and mandatory, nondiscretionary duty to do the act in question; and (2) no other adequate remedy is available. *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992).  Since a mandamus action cannot be used to compel the performance of a discretionary act, mandamus relief is not available to the Petitioner in seeking the issuance of a LEC. *See id.*  Petitioner's request for mandamus relief is denied.

VI.    ADMINISTRATIVE PROCEDURE ACT CLAIMS

Petitioner asserts that the enactment of 8 C.F.R. § 214.14(a)(14)(iii) was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" in violation of 5 U.S.C.

7

§ 706(2)(A) of the Administrative Procedure Act ("APA"). "Under the APA, the reviewing court may invalidate an agency's regulation if the court deems the rulemaking process 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Fleming Cos., Inc. v. United States Dep't of Agriculture*, 322 F. Supp. 2d 7445. Section 214.14(a)(14)(iii) states that "any person who is culpable for the qualifying criminal activity being investigated or prosecuted is excluded from being recognized as a victim of the qualifying criminal activity" for the purpose of receiving a U visa. 8 C.F.R. § 214.14(a)(14)(iii). Petitioner asserts this regulation is inconsistent with congressional intent in enacting the U visa provisions of 8 U.S.C. § 1101(a)(15)(U).

Petitioner has no standing to assert his APA claim. To meet the case or controversy requirement of Article III of the United States Constitution, a petitioner must demonstrate that he has suffered injury in fact, that the injury is fairly traceable to the defendant's actions, and that a favorable decision will redress the plaintiff's injury. *See Public Citizen, Inc. v. Bomer*, 274 F.3d 212, 217 (5th Cir. 2001) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Based on the discretionary nature of the issuance of an LEC and the inability of the Petitioner to compel the issuance of an LEC, Petitioner can show not show causation nor redressability for the purpose of establishing standing. Petitioner's APA claim is therefore denied for lack of standing.

VII.   CLASS ACTION CERTIFICATION

Petitioner has not stated a claim on which a class can be certified. Further, given the discretionary nature of the issuance of an LEC and the wide range of crimes and associated varied impacts on victims that could possibly lead to the issuance of an LEC, the Court finds that the Petitioner cannot demonstrate the typicality prerequisite to certification as a class action. *See* Fed. R. Civ. P. 23(a)(3). Petitioner's motion to certify a class is denied.

8

VIII.   CONCLUSION

Since the issuance of an LEC is a discretionary act, the Petitioner's application for writ of habeas corpus, constitutional claims, and request for writ of mandamus are **DENIED**.  Further, Petitioner lacks standing to pursue his APA claim and such claim is **DENIED**.  Lacking any valid claim and given the great variety of situations that could lead to the issuance of an LEC, this Court also **DENIES** Petitioner's motion to certify a class.  Respondent's Motion to Dismiss (Docket No. 14) is therefore **GRANTED**.  Respondent's Motion to Supplement the Exhibits (Docket No. 19) is **DENIED** as moot.

Signed, this the 8th day of December, 2008.

Andrew S. Hanen
United States District Judge

9